| | |
|---|---|
| 1 | KEVIN V. RYAN (CSBN 118321) |
|   | United States Attorney |
| 2 | |
| 3 | EUMI CHOI (WVSBN 0722) |
|   | Acting Chief, Criminal Division |
| 4 | EDWARD TORPOCO (CSBN 200653) |
|   | Assistant United States Attorney |
| 5 | |
| 6 | 450 Golden Gate Avenue, Box 36055 |
|   | San Francisco, California 94102-3495 |
|   | Telephone: (415) 436-7071 |
| 7 | FAX: (415) 436-7234 |
| 8 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: CR 3-05-70522 |
| Plaintiff, | ) | STIPULATION AND [PROPOSED] |
| | ) | ORDER EXTENDING TIME FOR |
| v. | ) | PRELIMINARY EXAMINATION |
| | ) | AND EXCLUDING TIME FROM |
| JING SHAN ZHOU, | ) | SPEEDY TRIAL CALCULATION |
| Defendant. | ) | |

    With the agreement of the parties, the Court enters this Order vacating the preliminary hearing on August 2, 2005, setting a new preliminary hearing on August 18, 2005, documenting Defendant's waiver of the preliminary hearing date until August 18, 2005 under Federal Rule of Criminal Procedure 5.1, and excluding the time period from August 2, 2005 through August 18, 2005 under the Speedy Trial Act, 18 U.S.C. § 3161.

    The parties agree, and the Court finds and holds, as follows:

    1.  The Court has set a preliminary hearing for August 2, 2005 at 9:30 a.m. Undersigned defense counsel practices in Southern California and requires additional time to obtain and review discovery and to meet and confer with the Defendant about how he wishes to proceed in this matter, in light of discussions with Government counsel. Defense counsel has

1  had a minimal opportunity to meet with the Defendant since being retained and plans to travel to
2  the Bay Area for the purpose of meeting with the Defendant on August 2, 2005.
3      2.    Given the foregoing facts, the parties request and agree that there is good cause
4  for the preliminary hearing to be reset for August 18, 2005, at 9:30 a.m.  The parties stipulate that
5  the time limit for the filing of an information or indictment shall be extended under 18 U.S.C.
6  § 3161(b).  The parties further stipulate that the time period from August 2, 2005 through
7  August 18, 2005 shall be excluded from the Speedy Trial Act calculation pursuant to 18 U.S.C.
8  § 3161(h)(8)(A) and (B)(iv).
9      3.    Given defense counsel's desire for additional time to meet and confer with the
10 Defendant, the failure to grant the requested continuance would unreasonably deny the Defendant
11 effective preparation of counsel taking into account the exercise of due diligence.  See 18 U.S.C.
12 § 3161(h)(8)(B)(iv).  In addition, the ends of justice would be served by the Court excluding the
13 proposed time period; these ends outweigh the best interest of the public and the Defendant in a
14 speedy trial.  See id. § 3161(h)(8)(A), (B)(iv).
15     SO STIPULATED.

17 DATED:_____
18                                        ROBERT HARTMANN
                                       Attorney for Defendant Jinh Shan Zhou

20 DATED:  7/25/05
21                                        EDWARD TORPOCO
                                       Assistant United States Attorney

1  had a minimal opportunity to meet with the Defendant since being retained and plans to travel to
2  the Bay Area for the purpose of meeting with the Defendant on August 2, 2005.
3      2.    Given the foregoing facts, the parties request and agree that there is good cause
4  for the preliminary hearing to be reset for August 18, 2005, at 9:30 a.m. The parties stipulate that
5  the time limit for the filing of an information or indictment shall be extended under 18 U.S.C.
6  § 3161(b). The parties further stipulate that the time period from August 2, 2005 through
7  August 18, 2005 shall be excluded from the Speedy Trial Act calculation pursuant to 18 U.S.C.
8  § 3161(h)(8)(A) and (B)(iv).
9      3.    Given defense counsel's desire for additional time to meet and confer with the
10 Defendant, the failure to grant the requested continuance would unreasonably deny the Defendant
11 effective preparation of counsel taking into account the exercise of due diligence. See 18 U.S.C.
12 § 3161(h)(8)(B)(iv). In addition, the ends of justice would be served by the Court excluding the
13 proposed time period; these ends outweigh the best interest of the public and the Defendant in a
14 speedy trial. See id. § 3161(h)(8)(A), (B)(iv).
15    SO STIPULATED.

17 DATED: 7/25/05

    ROBERT HARTMANN
    Attorney for Defendant Jinh Shan Zhou

20 DATED: 7/25/05

    EDWARD TORPOCO
    Assistant United States Attorney

28 STIPULATION AND ORDER
   CR 3-05-70522

                                    2

In light of the foregoing facts, and with the consent of the parties, the Court hereby (1) vacates the preliminary hearing on August 2, 2005, (2) sets a new preliminary hearing date of August 18, 2005, at 9:30 a.m., (3) finds that the Defendant has waived a preliminary hearing until August 18, 2005 under Federal Rule of Criminal Procedure 5.1, and (4) orders that the period from August 2, 2005 through August 18, 2005 be excluded from the Speedy Trial Act calculation under 18 U.S.C. § 3161(h)(8)(A) and (B)(iv).

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 7/26/05

HON. EDWARD M. CHEN
United States Magistrate Judge

STIPULATION AND ORDER
(CR 3-04-30439)                                3